# LAW OFFICES OF SUSAN G. KELLMAN
25 EIGHTH AVENUE • BROOKLYN, NEW YORK 11217
(718) 783-8200 • FAX (718) 783-8226 • SGK@KELLMANESQ.COM
FELLOW, AMERICAN COLLEGE OF TRIAL LAWYERS

November 14, 2022

<u>Via ECF and Email</u>
The Honorable Jed S. Rakoff
United States District Judge
Southern District of New York
500 Pearl Street
New York, N.Y. 10007

                                    Re:    *U.S. v. Sequan Jackson*
                                            22 Cr. 352 (JSR)

Dear Judge Rakoff:

      Counsel have spent the past several weeks preparing for Mr. Jackson's November 28th trial; however, we have come to understand that his constitutional right to a speedy trial must be balanced with an equally important right – and that is his right to a fair trial – an objective that cannot be achieved without adequate preparation – which cannot be accomplished by November 28th. Unfortunately, Mr. Jackson continues to press his right to a speedy trial.

      Counsel has always been of the opinion that a November 28th trial date would not give the defense adequate time to prepare for trial. Indeed, counsel expressed these concerns to the Court during Mr. Jackson's bail hearing on October 21. And, while unfettered access to Mr. Jackson now that he is home has increased our ability to work with him dramatically, there is still much to be done.

      On September 13, 2022, the Court granted Mr. Jackson's application to join the November 28, 2022, trial and appointed the undersigned to serve as Mr. Jackson's counsel. On October 21, the Court ruled that any discovery produced later than October 28 could not be relied upon by the government at the November 28 trial. Even excluding the discovery produced after October 28, it is impossible to adequately investigate and prepare to effectively represent Mr. Jackson at trial. The charged conduct here spanned three years and allegedly affected the practices of dozens of EMS companies and public adjusters in New York City. In the fourteen months before the grand jury returned the indictment in this case, the government had already interviewed dozens of witnesses, seized and mirrored the lead defendant's cellphone and intercepted months-worth of Mr. Jackson's and Mr. Smith's communications. The government's investigation has continued, and it has provided counsel with 3500 material for more than forty witnesses. Counsel have been diligent in reviewing all these materials, but, despite that exercise of diligence,

without further investigation, it is impossible to provide Mr. Jackson with the effective assistance of counsel to which he is entitled, for a trial on November 28th.

On October 20th, the government provided counsel with notice regarding its intention to call two expert witnesses in its case-in-chief; the first will opine on "gang" mentality and life, and the second will discuss cell-site data analysis. In order to respond to these previously undisclosed experts, counsel has sought to retain the services of experts of our own – individuals who can help counsel understand the government's presentation and assist in rebutting the government's experts' claims. However, we have not had any success in locating an expert who is available in the narrow window afforded by the November 28 trial date.

Another clear example of the effect that the time crunch has had on our ability to effectively prepare for trial arises in the context of the government's recent production of telephone data. According to our CDA, Julie de Almeida, who has been working diligently on the recently produced cellphone materials, because the materials are massive and extremely dense, it took her and her team until November 11th, to convert the data into a format that counsel – or an expert – who has yet to be identified – could readily decipher. Granted, the Court ruled that it would preclude the use at trial of discovery produced after the October 28 deadline; however, it is unclear whether the disclosure of the phone evidence to Ms. De Almeida before the deadline exempts such evidence from preclusion.

Trial preparation involves more than merely reviewing materials disclosed by the prosecution and interviewing one's own client. It necessitates a reasonable investigation into the government's case, as well as the identification of possible witnesses to testify for the defense. Since shortly after my appointment, I have attempted to hire an investigator who can assist counsel in pursuing a number of areas that we believe require further examination. An effective investigation would involve, at a minimum, research into the fire mitigation industry in general, and specifically, the people involved in various aspects of the industry. To date, however, because of the time constraints, we have been unable to retain the services of an investigator who could assist us in effectively representing Mr. Jackson at a trial beginning on November 28th. Indeed, the investigators with whom we have spoken have made clear – what we already knew – that it is impossible to do a deep dive into a number of areas that require further investigation, in the time allotted.

Finally, as in any assigned case, it takes time for counsel and the client to establish a relationship of trust that allows us to help our client to make a number of difficult decisions. Mr. Jackson has witnessed counsel working around the clock to prepare; however, despite that exercise of due diligence on our part, much still needs to be done in order for Mr. Jackson to receive the effective assistance of counsel guaranteed by the Sixth Amendment. And, herein lies our dilemma; Mr. Jackson remains determined to have his trial, as scheduled, on November 28th,

notwithstanding that counsel is of the firm opinion that we cannot possibly conduct a proper investigation within the current timeframe.

The Court may make a finding that time is excludable until May 1, 2023, on the current record either because the case is complex, 18 U.S.C. § 3161(h)(7)(B)(ii), or because failing to grant a continuance "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," 18 U.S.C. § 3161(h)(7)(B)(iv).

As to complexity, "[t]he court is vested with broad discretion to grant this exclusion when in its view the case's complexity makes it necessary to grant counsel further time to prepare in order to ensure a fair trial." *United States v. Gambino*, 59 F.3d 353, 357 (2d Cir. 1995). "Cases are 'complex' where they, for example, involve numerous defendants, novel legal issues, myriad claims, or many necessary witnesses." *United States v. Pikus*, 39 F.4th 39, 53 (2d Cir. 2022). Two factors from *Pikus'* non-exhaustive list are at play here: multiple defendants and many witnesses. There are nine defendants, and the government has disclosed Jencks Act material for more than forty witnesses.

Likewise, the nature and extent of the government's disclosures contribute to a case's complexity. *See, e.g.*, *Gambino*, 59 F.3d at 356, 358 (discussing "complexity" of RICO prosecution "involving hundreds of hours of video and audio tape recordings"). Here, the discovery amounts to nearly twenty terabytes of data and includes wiretaps of our client and of the lead defendant. We are in possession of the interview notes of forty witnesses.

It has been suggested that the mere fact that a case charges racketeering categorizes it as complex. *Cf. United States v. Garcia*, No. CR 15-4275 JB, 2016 WL 9021830, at *9 (D.N.M. Dec. 19, 2016) (contrasting VICAR or racketeering cases, charges which increases a case's complexity, with a single-defendant drug prosecution, which is straightforward). Federal racketeering is not merely a crime. It is a crime made up of other crimes. Racketeering charges involve enterprises that operate as a single unit. The heart of racketeering is the advancement of group, rather than individual, goals. Racketeering charges usually, but do not have to, involve proof of leadership, discreet roles, chains of command and hierarchy, all of which are at issue here. Similarly, this case implicates the practices of an entire industry – the idiosyncrasies of which may be relevant both to impeachment or trial defenses. As we stated already, the quirks of this industry are not generally known, and we would benefit greatly by being educated on same by an investigator or expert – or both.

At the same time, a finding of complexity does not justify indefinite delay. *E.g.*, *Pikus*, 39 F.4th at 54 (quoting *United States v. Beech-Nut Nutrition Corp.*, 871 F.2d 1181, 1198 (2d Cir. 1989), *United States v. LoFranco*, 818 F.2d 276, 277 (2d

Cir. 1987), and *Gambino*, 59 F.3d at 358). But counsel are not asking for unlimited time to prepare. We are asking for a continuance to May 1, 2023, which would be about ten months after Mr. Jackson's arrest. Currently, Mr. Jackson is at home with his family and confers regularly with his counsel. The memories of witnesses or the retention of records are not at issue. The conduct charged in this case is relatively recent, spanning from 2019 to 2022.

Exclusion of time is also permissible under 18 U.S.C. § 3161(h)(7)(B)(iv) for many of the reasons that the case is complex. A continuance of five months is necessary and reasonable for counsel to effectively prepare. As to the exercise of due diligence, we can attest that counsel have been working around the clock to prepare for Mr. Jackson's trial. We take no pleasure in acknowledging that, despite our best efforts, we will effectively be unable to say that we can be ready for trial on November 28th.

We discussed the contents of this letter at length with Mr. Jackson. For reasons beyond our comprehension, Mr. Jackson does not agree with his counsel's firm and unwavering assessment that the remaining two weeks provide insufficient time to allow counsel to be effectively prepared to try his case. As of this writing, we are unsure whether our request for a continuance will irreparably damage the attorney-client relationship to the degree that Mr. Jackson will request new counsel. Accordingly, we respectfully request that your Honor set this matter down for a conference, in the hopes that perhaps the Court can assist in resolving our difficulties regarding the trial date, or replace counsel with attorneys who believe that the case can effectively be prepared in the ensuing two weeks.

The Court's attention to this request is appreciated and we stand ready to respond to any questions that the Court may have.

> Respectfully submitted,
>
> *Susan G. Kellman*
> Susan G. Kellman

cc: All counsel