MBHDJACC

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

           v.                         22 Cr. 352 (JSR)

SEQUAN JACKSON,
                                      Conference
                  Defendant.

------------------------------x
                                      New York, N.Y.
                                      November 17, 2022
                                      1:30 p.m.

Before:

                    HON. JED S. RAKOFF,

                                      U.S. District Judge

                         APPEARANCES

DAMIAN WILLIAMS
     United States Attorney for the
     Southern District of New York
RUSHMI BHASKARAN
ADAM HOBSON
ELIZABETH ESPINOSA
MARY BRACEWELL
     Assistant United States Attorney

SUSAN G. KELLMAN
     Attorney for Defendant

ALSO PRESENT:

     Chris La Tronica, Esq.
```

MBHDJACC

1         (Case called; appearances noted)
2         THE COURT: So I received a letter two days ago,
3 November 14th, from Ms. Kellman detailing why, in her view, she
4 cannot be properly prepared for trial on November 28, and she
5 brought to my attention a number of important points that bear
6 on that. But just to briefly summarize, it turns out that
7 there are over 40 witnesses for whom the government has
8 provided 3500 material. There is, in counsel's -- in defense
9 counsel's view, the need for expert testimony, which was not
10 something that this Court had really focused on earlier. There
11 is, of course, what had been obvious from day one, but not
12 dispositive, which is the complexity of the case in the sense
13 that it involves numerous defendants, numerous companies, and
14 conduct occurring over three years.
15         And, finally, there was something that had been
16 previously flagged to the Court to some extent, but became
17 known to the Court in greater detail, but it was the very
18 considerable volume of discovery, including audio and video
19 files that take a great deal of time to process, as well as
20 review.
21         So counsel says that her view is that trial should not
22 go forward. Of course we already have an alternative date of
23 May 1st, which was agreed to by all the parties originally
24 before we got the request for speedy trial.
25         Now, my recollection is, unlike some of the

1    defendants, Mr. Jackson had initially sort of mixed views
2    himself about whether to waive his right to any motion practice
3    and go forward in requesting a speedy trial or not, but then
4    ultimately he did request a speedy trial.
5             But let me ask you, Mr. Jackson, what's your present
6    position?
7             THE DEFENDANT:  I would like to still go to speedy
8    trial.  I'm just a bit confused.
9             THE COURT:  Alright.
10            MS. KELLER:  One moment.
11            THE COURT:  Yes.  I'm sorry.
12            MS. KELLER:  My client did finish by saying --
13            THE COURT:  I'm sorry.
14            MS. KELLER:  -- that he is somewhat confused, and he
15   has suggested to me he would like to hear your Honor's view on
16   this.
17            THE COURT:  Hear my --
18            MS. KELLER:  Your Honor's view, which I assume that's
19   what you're about to give us.
20            THE COURT:  Well, I'm going to rule if that's what you
21   mean.  I don't need to hear from anyone after that.
22            MS. KELLER:  Right.
23            THE COURT:  So what I've become aware of in terms of
24   the law, since our initial discussion, is that there is case
25   law that says that at least so far as the Speedy Trial Act is

1    concerned, as opposed to the constitutional issue, it is a
2    decision to be made by the lawyer, not by the client.  This is
3    contrary to what I had originally believed based on the
4    constitutional underpinnings of the Speedy Trial Act.  But I
5    now am aware of case law, thanks to my able law clerk, that
6    it's a decision that -- it's one of those decisions that it's
7    left to the lawyer, rather than the client.
8         Having said that, I would not do anything but pay very
9    strict attention to a request for a client for a speedy trial
10   because of the underlying constitutional requirements.  But now
11   that I've become so much more familiar with what this case
12   involves, not only through the submissions of counsel but also
13   through numerous bail hearings that I've had over the last few
14   weeks, including one involving Mr. Jackson, it does seem to me
15   that the constitutional issue is moot, that a trial in May
16   would fully comport with the constitutional requirement, as
17   would obviously a trial in November, and that the decision
18   whether or not to ask for speedy trial or to ask for an
19   adjournment is one, in terms of the Speedy Trial Act, that is
20   vested with counsel, not the client.
21        But beyond all that, the most important thing is to
22   make sure that the defendant gets a fair trial.  That overrides
23   everything else.  And I was under the initial impression that
24   particularly after we moved the trial to November, late
25   November, at the request of the government, that defense

1  counsel, with the aid of coordinating -- discovery coordinator
2  and so forth, would be able to be sufficiently prepared.  But
3  Ms. Kellman's letter has convinced me to the contrary, so I am
4  going to move the trial, Mr. Jackson, to May 1st.
5      I will restore the right to bring pretrial motions to
6  Mr. Jackson.  He had previously waived that.  And we had set
7  another schedule in the other case, so there's still plenty of
8  time for that to be done.
9      And pursuant to section 3161 of Title 18, I will
10 exclude from calculations under the Speedy Trial Act all time
11 between now and May 1st, finding that such time is necessary
12 for adequate preparation and for all the reasons previously
13 stated, and that for those and other reasons, most importantly
14 ensuring a fair trial, the best interests of justice in
15 excluding such time substantially outweighs the interests of
16 the public and the defendant in a speedy trial.
17     I should have asked the government earlier, but I
18 think the government has already told me they take no position.
19     MS. BRACEWELL:  That's correct, your Honor.
20     THE COURT:  That's the government's favorite position.
21     So anything else we need to take up today?
22     MS. BRACEWELL:  No, thank you.
23     THE COURT:  Very good.  Thanks very much.
24     Let me say one last thing, I'm sorry, to Mr. Jackson.
25 Mr. Jackson, as you know, I was impressed with you.  That's one

MBHDJACC

1  of the reasons I granted you bail when the government was
2  vehemently opposing that.  Let me say, as you know, I have the
3  very highest respect for Ms. Kellman, and I think her judgment
4  here is one in the long run that you will agree with, that it
5  really is in your interest that she be fully prepared.
6          Okay.  Very good.
7          MS. BRACEWELL:  Thank you, your Honor.
8          (Adjourned)