# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of the Application of the United States of America for Authorization to Continue to Intercept Wire and Electronic Communications Occurring over the Cellular Telephones Initially Identified as 929-320-8554 and 347-662-1334; USAO Reference No. 2021R00338. | **Order of Interception**<br><br>**Sealed** |

## Contents

I. Findings ............................................................................................................................. 2
   A. The Target Cellphones ................................................................................................ 2
   B. Use of Target Cellphones for Criminal Purposes ....................................................... 2
   C. Types of Communications .......................................................................................... 3
   D. Target Subjects and Target Offenses ......................................................................... 3
   E. Objectives of the Interception ..................................................................................... 4
   F. Normal Investigative Techniques ............................................................................... 4
   G. DOJ Authorization ...................................................................................................... 4
II. Order of Interception ........................................................................................................ 5
   A. Period of Interception .................................................................................................. 5
   B. Territorial Scope and Type of Communications ........................................................ 6
   C. Successor Target Cellphones ...................................................................................... 6
   D. Successor Service Provider ........................................................................................ 6
   E. Minimization ............................................................................................................... 7
   F. Periodic Reports .......................................................................................................... 9
   G. Inventory .................................................................................................................... 9
III. Ancillary Orders .............................................................................................................. 9
   A. Technical Assistance .................................................................................................. 9
   B. Pen Register and Trap and Trace ............................................................................... 9
   C. Order for Geolocation Information and Delayed Notice and Return ...................... 10
   D. Order for Expedited Provision of Subscriber and Service Information Concerning Communications Devices in Communication with the Target Cellphones .......... 10
IV. Sealing ........................................................................................................................... 11

**TO:** Special Agents and law enforcement officers with the Department of Homeland Security, Homeland Security Investigations ("HSI"), the Federal Bureau of Investigation

("FBI"), the New York City Police Department ("NYPD"), and New York City's Department of Investigation ("DOI") (collectively, the "Investigating Agencies")

Application under oath having been made before me by Adam S. Hobson, an Assistant United States Attorney for the Southern District of New York and an investigative or law enforcement officer in the sense of 18 U.S.C § 2510(7), for an order pursuant to the provisions of Chapter 119 of Title 18, United States Code ("Title III"), authorizing the interception and recording of wire and electronic communications, and for certain ancillary investigative orders; and full consideration having been given to the matters set forth in the Application and supporting documents:

## I. Findings

The Court hereby finds that:

### A. The Target Cellphones

The Target Cellphones that are the subject of this Order are:

| Target Cellphone & User | Phone Number | Service Provider | Subscriber & Service Address | IMEI: | IMSI |
|---|---|---|---|---|---|
| Smith Phone-1<br><br>JATIEK SMITH | 929-320-8554 | T-Mobile | SOLIDSMITHCORP<br><br>70 Van Pelt Ave<br>Staten Island, NY | 353897100042680 | 310260240063546 |
| Jackson Phone-1<br><br>SEQUAN JACKSON | 347-662-1334 | T-Mobile | JUNIORSBOARDUPINC<br><br>191 Rensselaer Ave Apt 2<br>Staten Island, NY | 354703754852340 | 310260297118054 |

### B. Use of Target Cellphones for Criminal Purposes

There is probable cause to believe that certain of the Target Subjects, during the Period of Interception herein applied for, will use the Target Cellphones in connection with, to facilitate, to accomplish, and to commit the Target Offenses specified herein, and that additional communications of the same type will occur during the Period of Interception herein requested.

2

2019.06.27

USAO_000265

### C. Types of Communications

There is probable cause to believe that the foregoing use of the Target Cellphones will include voice communications and messages left for and retrieved from voicemail. In addition, there is probable cause to believe that the foregoing use of the Target Cellphones will include relevant background conversations involving persons in the vicinity of the Target Cellphones when the Target Cellphones are active or in use. There is also probable cause to believe that the foregoing use of the Target Cellphones will include the transmission and receipt of electronic communications.

### D. Target Subjects and Target Offenses

There is probable cause to believe that one or more of JATIEK SMITH, a/k/a "Tiek," SEQUAN JACKSON, a/k/a "Supa," ANTHONY MCGEE, a/k/a "Touch," KAHEEN SMALL, a/k/a "Bizz," a/k/a "Biz," CARL WALSH, CHARLOTTE WALSH, OCTAVIO PERALTA, MANUEL PEREIRA, DAMON DORE, JORDAN BORYK, and others unknown (the "Target Subjects"), are involved in offenses involving extortion and extortion conspiracy, in violation of 18 U.S.C. § 1951; possession and use of firearms, in violation of 18 U.S.C. § 924(c); racketeering and racketeering conspiracy (specifically, conducting the affairs of an "enterprise"—that is, a group of individuals associated in fact, although not a legal entity, the activities of which affect interstate and foreign commerce—through a pattern of racketeering activity consisting of multiple acts of extortion and extortion conspiracy in violation of New York Penal Law §§ 155.40(2), 155.05(2)(e)(i), 155.05(2)(e)(ii), 105.10 and 20.00, and violations of federal law, namely 18 U.S.C. § 1951) in violation of 18 U.S.C. §§ 1962(c) and (d) and punishable under 18 U.S.C. § 1963 (collectively, the "Target Offenses").

USAO_000266

### E. Objectives of the Interception

There is probable cause to believe that the interception hereby authorized will reveal (i) the nature, extent and methods of the Target Subjects' commission of the Target Offenses; (ii) the identities of the Target Subjects, to the extent currently unknown, as well as their accomplices, aiders and abettors, co-conspirators, and participants in their illegal activities; (iii) the source, receipt, and distribution of money involved in those activities; (iv) the locations and items used in furtherance of those activities; (v) the existence and locations of records; (vi) the locations and sources of resources used to finance their illegal activities; (vii) the locations and disposition of the proceeds from and relating to those activities; and (viii) the location and other information necessary to seize and or forfeit money and items of value, and other evidence of or proceeds of the commission of the Target Offenses. In addition, these interceptions are expected to constitute admissible evidence of the commission of the Target Offenses. In addition, the intercepted communications are expected to constitute admissible evidence of the commission of the Target Offenses.

### F. Normal Investigative Techniques

It has been adequately established that normal investigative techniques have been tried and have failed or reasonably appear unlikely to succeed if tried or to be too dangerous.

### G. DOJ Authorization

Pursuant to Order Number 5000-2021, dated March 12, 2021, the Attorney General of the United States has specially designated appropriate officials of the Criminal Division to exercise the power conferred on him by Section 2516 of Title 18 of the United States Code to authorize applications for a court order authorizing the interception of wire and electronic communications. Pursuant to 18 U.S.C. § 2516(1), this Application has been authorized, on November 12, 2021, by

4

2019.06.27

USAO_000267

Richard W. Downing, Deputy Assistant Attorney General, an official of the United States Department of Justice specially designated by the Attorney General of the United States to authorize applications for the interception of wire or oral communications. Attached to the Government's application for this Order of Interception, and incorporated into this Order of Interception, are copies of the Attorney General's Order of Special Designation and the Memorandum of Authorization approving this Application.

NOW, THEREFORE, IT IS HEREBY ORDERED that:

**II. Order of Interception**
Pursuant to 18 U.S.C. § 2518, Special Agents of the Department of Homeland Security, Homeland Security Investigations ("HSI") and other investigative and law enforcement officers, as defined in 18 U.S.C. § 2510(7)—including agents and law enforcement officers from the Federal Bureau of Investigation ("FBI"), the New York City Police Department ("NYPD"), and New York City's Department of Investigation ("DOI")—assisted, if necessary, by authorized translators, are authorized to intercept and to record wire and electronic communications of the Target Subjects over the Target Cellphones; and it is further ORDERED that:

**A. Period of Interception**
This Order of Interception shall be executed as soon as practicable after it is signed. Interceptions need not automatically terminate when the first communication described herein has been obtained, but rather may continue until the Objectives of the Interception set forth above are fully achieved, or for a period of thirty (30) days, whichever is earlier. The thirty days are measured from the date of the Court's Order.

B. **Territorial Scope and Type of Communications**

Pursuant to 18 U.S.C. § 2518(3), interception of wire and electronic communications that are subject to interception under Title III occurring within the Southern District of New York is hereby authorized; and in the event that the Target Cellphones are used outside the territorial jurisdiction of this Court, interceptions may continue in the Southern District of New York, the location where communications over the Target Cellphones will first be heard and/or read and minimized. Interception of messages that are subject to interception under Title III left to or retrieved from voicemail for the Target Cellphones; and interception of background conversations that are subject to interception under Title III occurring in the vicinity of the Target Cellphones while the telephones are active or otherwise in use, are also hereby authorized, with all intercepted communications to be routed through and first intercepted in the Southern District of New York.

C. **Successor Target Cellphones**

This Order of Interception applies to any Successor Target Cellphones. By "Successor Target Cellphones" is meant (a) a cellphone with the same telephone number as the Target Cellphones, but where the SIM card's IMSI has changed, (b) any cellphone with a new telephone number, but where the SIM card's IMSI remains the same, during the thirty day period.

D. **Successor Service Provider**

In addition, in the event that a Service Provider changes during the course of the Interception Period, interception may continue with the successor service provider under the terms of this Order of Interception and accompanying Order to Service Provider without further order of this court.

E.  **Minimization**

Pursuant to 18 U.S.C. § 2518(5), and as set forth in the Government's Application for this Order and the Affidavit submitted in support of the Application, all monitoring will be conducted by personnel authorized to do so and in such a way as to minimize the interception of communications not otherwise subject to interception under Title III.

All wire interceptions will be minimized in accordance with the minimization requirements of Chapter 119 of Title 18, United States Code, and all interceptions conducted pursuant to this Court's Order will terminate upon the authorized objectives or, in any event, at the end of thirty (30) days measured from the date of the Court's Order. Monitoring of conversations will terminate immediately when it is determined that the conversation is unrelated to communications subject to interception under Chapter 119 of Title 18, United States Code. Interception will be suspended immediately when it is determined through voice identification, physical surveillance, or otherwise, that none of the Target Interceptees or any of their confederates, when identified, are participants in the conversation, unless it is determined during the portion of the conversation already overheard that the conversation is criminal in nature. If a conversation has been minimized, the monitoring agents will spot check to ensure that the conversation has not turned to criminal matters.  Special attention shall be given to minimize all privileged communications.

All monitoring of electronic communications will be conducted in accordance with Chapter 119 of Title 18, United States Code. Each text message will be reviewed over a secure system, and based on the identities of the sender and recipient and the content of the message, monitoring personnel will determine as soon as practicable after interception whether the text message appears to be relevant to the investigation or otherwise criminal in nature. If the message is not criminal in

nature, the message will be marked "minimized" and not accessed by other members of the investigative team. If the message appears to be privileged, it will be marked "privileged" and secured from access by other members of the investigative team. If a text message appears to be relevant to the investigation or otherwise criminal in nature, it will be marked "non-minimized" and may be shared with the other agents and monitors involved in the investigation. If a text message is marked "minimized" or "privileged," it will not be disseminated to members of the investigative team. All intercepted text messages will be sealed with the court upon the expiration of the court's order authorizing the interception. It is anticipated that the monitoring location will not be staffed at all times, but will be staffed at regular hours, at which time intercepted communications will be monitored and read (including those intercepted at hours when the location was not staffed). However, even when unmanned, the monitoring location will be kept secured with access limited to only authorized monitoring personnel and their supervising agents. In the event the intercepted communications are in a code or foreign language, and an expert in that code or foreign language is not reasonably available during the interception period, minimization will be accomplished as soon as practicable after such interception.

HSI will utilize a filter program in its electronic communications collection system that will automatically identify and block voice calls (which are wire communications) from being intercepted by filtering them out of the electronic communications packet data stream before they are recorded. If a voice call is not filtered out of the packet data stream and is recorded, the call will not be monitored or otherwise accessed through the electronic communications presentation

8

system, and HSI will preserve and seal such communications in the same manner as other intercepted electronic communications.

### F. Periodic Reports

Pursuant to 18 U.S.C. § 2518(6), the Government shall provide to the Court a report on or about the tenth and twentieth days (as computed pursuant to Fed. R. Crim. P. 45) following the date of the Order, showing what progress has been made toward the achievement of the Objectives of the Interception and the need for continued interception.

### G. Inventory

Pursuant to 18 U.S.C. § 2518(8)(d), no inventory of the results of the interception for which authorization is now sought need be made before 90 days from the date of the expiration of the Order of Interception or extension thereof, or at such later time as this Court or another judge of competent jurisdiction, upon further application and for good cause shown, may order.

## III. Ancillary Orders

### A. Technical Assistance

The Government's application for an order pursuant to 18 U.S.C. § 2518(4) directing the Service Providers to provide technical assistance is granted to the extent set forth in the accompanying Order to Service Provider.

### B. Pen Register and Trap and Trace

The Government having certified that the information likely to be obtained upon installation and use of the requested pen registers and trap and trace is relevant to an ongoing criminal investigation, the Government's application pursuant to 18 U.S.C. §§ 3121 *et seq.* for Pen Register and Trap and Trace orders is granted to the extent set forth in the accompanying Orders to Service Providers.

### C. Order for Geolocation Information and Delayed Notice and Return

There being probable cause to believe that the information sought will constitute or lead to evidence of the Target Offenses, the Government's application under 18 U.S.C. § 2703(c)(1)(A) and Fed. R. Crim. P. 41(b) and, to the extent applicable to cell site information, 18 U.S.C. §§3121-3126 and 2703(d), for an order directing the Service Provider to provide geolocation information for the Target Cellphones is granted to the extent set forth in the accompanying Order to Service Provider. Pursuant to 18 U.S.C. § 3103a(b) and Rule 41(f)(3), because earlier notice may seriously jeopardize the investigation, endanger the life or physical safety of investigating agents or other persons, lead to flight of suspects, loss of evidence, and/or intimidation of witnesses, delay of notice under Rule 41(f) of the acquisition of the geolocation information is hereby authorized until 120 days after the date of this Order. Return on the warrant for geolocation information under Rule 41(f) shall be made within 10 days after acquisition of the geolocation information (including any extensions) has ended.

### D. Order for Expedited Provision of Subscriber and Service Information Concerning Communications Devices in Communication with the Target Cellphones

There being reason to believe that the information sought is relevant and material to an ongoing criminal investigation, and that absent such an order the affected service providers may not provide the necessary information sufficiently promptly to effectuate the purposes of the interception herein ordered, the Government's application pursuant to 18 U.S.C. § 2703 for an order for expedited provision of information concerning a telephone or other device in communication with the Target Cellphones, is hereby granted, to the extent set forth in the accompanying Order for Expedited Provision of Subscriber and Service Information. The Department of Homeland Security Homeland Security Investigations ("HSI"), the Federal Bureau

of Investigation ("FBI"), the New York City Police Department ("NYPD"), and the New York City's Department of Investigation ("DOI") (collectively, the "Investigating Agencies") are hereby authorized, during the Period of Interception herein authorized, to serve a copy of that order on any electronic or wire communications service provider that provides service to a telephone or device in communication with the Target Cellphones for information regarding any such telephone or communications device.

**IV. Sealing**

To avoid premature disclosure of the investigation, guard against flight of suspects or the loss of evidence, and to better ensure the safety of agents and others, this Order, the Application, including the Affidavit and accompanying proposed orders, as well as any Periodic Reports, shall be sealed and placed in the custody of the United States Attorney's Office for the Southern District of New York until ordered unsealed by the Court or by another judge of competent jurisdiction, except that copies of the Order of Interception, Orders to Service Providers, and Orders for Expedited Provision of § 2703(d)(2) Information may be provided to the Government and the Investigating Agencies, and be served on service providers as may be necessary to effect the order's purpose.

Dated: New York, New York
         November 12, 2021

Time: 4:37 p.m.

THE HONORABLE LEWIS J. LIMAN
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK

11

2019.06.27

USAO_000274