# EXHIBIT A



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 20, 2022

**BY EMAIL**

Michael Vitaliano, Esq.                      Michael Bradley, Esq.
Attorney for Jatiek Smith                    Attorney for Damon Dore

Susan Kellman, Esq.                          Glen Kopp, Esq.
Attorney for Sequan Jackson                  Dan Stein, Esq.
                                             Attorneys for Rahmiek Lacewell

Re:   *United States v. Jatiek Smith, Sequan Jackson, Damon Dore, and Rahmiek Lacewell*
      **22 Cr. 352 (JSR)**

Counsel:

Based on your request, this letter provides notice, pursuant to Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."), of certain expert testimony that the Government intends to offer during its case-in-chief at trial. The Government reserves the right to call additional expert witnesses, and will promptly provide notice if the Government elects to do so.

## I.  Disclosure by the Government

The Government hereby provides notice that it may call the following individuals, or similar witnesses, as expert witnesses at trial: (1) Federal Bureau of Investigation ("FBI") Special Agent Richard Busick; and (2) Detective Christopher Bruno of the New York City Police Department ("NYPD").

### A.  Cell Site Testimony

The Government expects that Special Agent Richard Busick, a certified member of the FBI's Cellular Analysis Survey Team ("CAST"), or another similar witness, will provide testimony concerning how cell sites work and his analysis of certain of the cell site records and call detail records previously produced in Rule 16 discovery in this case. Special Agent Busick is expected to prepare demonstrative exhibits for the cell site evidence that the Government will seek to introduce at trial. These exhibits will display some of the cell site information for cellphones belonging to the defendants and/or their co-conspirators at or around the times and places where certain acts of violence or extortion occurred. These include, but are not limited to, the following incidents:

06.20.2018

- On or about September 15, 2020 in the vicinity of 119-53 229th Street, Cambria Heights;
- On or about November 13, 2020 in the vicinity of 505 East 93rd Street, Brooklyn
- On or about January 14, 2021 in the vicinity of 244 Montrose Avenue, Brooklyn;
- On or about April 5, 2021 in the vicinity of 32-07 68th Street, Queens;
- On or about May 24, 2021, in the vicinity of 123-16 145 Street, Queens; and
- On or about October 21, 2021, in the vicinity of 37 Reiss Lane, Staten Island.

We have attached, at Exhibit A, Special Agent Busick's maps reflecting the geographical locations of the cell sites to which certain phones used by the defendants and/or their co-conspirators connected on the particular dates listed above.  Special Agent Busick reserves the right to modify those maps in advance of trial and supplement them with additional analysis.  Special Agent Busick will testify, based on his training and experience (which includes, among other things, training in radio frequency and drive testing), as well as his examination of the cell site data, geolocation data, and maps provided in this case, that the cell site data he reviewed is consistent with the users of those phones being at the locations of the particular incidents described above at or around the times of those incidents.  A copy of Special Agent Busick's *curriculum vitae* is attached as Exhibit B.

### B.   Expert on Gangs

The Government expects to call Detective Christopher Bruno of the NYPD, or another similar witness, to testify about the Bloods street gang, including, the following topics: (1) the structure and organization of the Bloods; and (2) coded language, symbols, hand gestures, and clothing used to signify membership in the Bloods.  Detective Bruno will offer testimony relating to social media evidence, phone communications, and documents recovered during certain physical searches, including but not limited to the document bearing bates stamp USAO_042458. In particular, Detective Bruno will testify that communications, posts, and physical items from those sources contain Bloods codes, symbols, hand gestures, and clothing consistent with membership in the Bloods gang.

Detective Bruno has been with the NYPD since July 2006.  Detective Bruno became an Investigator in 2013, a Detective in 2014, and a Second Grade Detective in 2022.  He is currently assigned to the Federal Bureau of Investigations Safe Streets Gang Task Force and has been since December 2021.

Detective Bruno has been the lead and assisting investigator in numerous gang, organized crime, and narcotics investigations at both the state and federal level.  In that capacity, Detective Bruno has been the lead investigator in three wiretap-related investigations.  During his tenure in the Staten Island Gang unit, Detective Bruno conducted a wiretap investigation into a group of Bloods gang members who were involved in the sale of narcotics and a number shooting incidents. On both the state and federal level, Detective Bruno has been involved in over 100 interviews or debriefings, including of numerous Bloods members.

### C. Additional Notice – Cell Phone Extraction

Although the Government maintains that such testimony would not constitute expert testimony, the Government wishes to notify you that absent a stipulation between the parties, we may call witnesses from the Homeland Security Investigations at the Department of Homeland Security ("HSI") and/or from the FBI to testify regarding the extraction of data from certain cellular phones or electronic devices recovered from the defendants. Although this notice is being provided in an abundance of caution, Rule 16(a)(1)(G) does not require expert disclosures under these circumstances. *See United States v. Marsh*, 568 F. App'x 15, 16-17 (2d Cir. 2014) (summary order) (finding no error in allowing lay, non-expert testimony relating to search of electronic device where witness simply "explained his training," "described" his search, and "testified to the contents of the messages retrieved from the phone"); *United States v. Berry*, 318 F. App'x 569, 569 (9th Cir. 2009) (unpublished opinion) (expert testimony not necessary where witness "simply testified to what he found on the hard drive of [defendant's] computer, without expressing an opinion that required specialized knowledge or offering insight beyond common understanding").

## II. Demand for Reciprocal Discovery and Notice

In light of your request for the foregoing notice, the Government hereby requests reciprocal notice under Fed. R. Crim. P. 16(b)(1)(C). The Government also repeats its request for reciprocal discovery under Fed. R. Crim. P. 16(b). Specifically, the Government requests that you allow inspection and copying of any books, or copies or portions thereof, which are in the defendant's possession, custody or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial; and that you disclose any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, which are in the defendant's possession or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial or which were prepared by a witness whom the defendant intends to call at trial.

Finally, pursuant to Fed. R. Crim. P. 12.1(a), the Government reiterates its demand for appropriate notice if the defendant intends to offer evidence relating to an alibi defense with respect to any of the acts of violence or extortion described above and in Special Agent Busick's report attached in Exhibit A.

The Government also reiterates its request that the defendant disclose prior statements of witnesses he will call to testify, including expert witnesses. *See* Fed. R. Crim. P. 26.2; *United States v. Nobles*, 422 U.S. 225 (1975). We request that such material be provided on the same

basis upon which we agree to supply the defendant with 3500 material relating to Government witnesses.

Very truly yours,

DAMIAN WILLIAMS
United States Attorney

by: _____
Rushmi Bhaskaran
Mollie Bracewell
Elizabeth Espinosa
Adam Hobson
Assistant United States Attorneys
(212) 637-2439 / 2218 / 2216 / 2484