UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

   UNITED STATES OF AMERICA,     :

                                 :

      vs.                     :    Case No. 22 Cr. 352 (JSR)

   ANTHONY MCGEE, KAHEEN SMALL,   :
   DAMON DORE, RAHMIEK LACEWELL,
   ET AL.                       :

               Defendants.

------------------------------------------------------------ X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS ANTHONY MCGEE, KAHEEN SMALL, DAMON DORE, AND RAHMIEK LACEWELL'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF GANG AFFILIATION

1

## **TABLE OF CONTENTS**

I.      PRELIMINARY STATEMENT ................................................................................1

II.     BACKGROUND ..................................................................................................1

       A.      THE INDICTMENT ...............................................................................1

       B.      THE GOVERNMENT'S INTENT TO PREJUDICE THE JURY
                WITH REFERENCES TO ALLEGED GANG AFFILIATIONS....................2

III.    ARGUMENT ........................................................................................................3

       A.      LEGAL STANDARD ..............................................................................3

       B.      EVIDENCE OF GANG AFFILIATION IS NOT RELEVANT TO
                THE ALLEGED ENTERPRISE OR CONSPIRACY ....................................3

       C.      EVIDENCE OF GANG AFFILIATION IS HIGHLY PREJUDICIAL...........4

       D.      INTRODUCTION OF GANG AFFILIATION AS CHARACTER
                EVIDENCE IS MORE PREJUDICIAL THAN PROBATIVE.......................6

IV.     CONCLUSION .....................................................................................................8

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Carter v. City of Yonkers*,
    345 Fed.App'x 605 (2d Cir. 2009).........................................................................6

*Ramos v. Trifone*,
    2015 WL 6509114 (D. Conn. Oct. 28, 2015) ...................................................5

*United States v. Basciano*,
    599 F.3d 184 (2d Cir. 2010)............................................................................3

*United States v. Elias*,
    2022 WL 715486 (E.D.N.Y. Mar. 10, 2022) ...................................................7

*United States v. Jackson*,
    2021 WL 62109 (E.D.N.Y. Jan. 7, 2021) ...................................................4, 5

*United States v. McCallum*,
    584 F.3d 471 (2d Cir. 2009).............................................................................6

*United States v. Molton*,
    743 F.3d 479 (7th Cir. 2014) ...........................................................................5

*United States v. Nieves*,
    2023 WL 405354 (2d Cir. Jan. 26, 2023) .......................................................5

*United States v. Pitre*,
    960 F.2d 1112 (2d Cir. 1992)...........................................................................6

*United States v. Price*,
    2009 WL 1010483 (E.D.N.Y. Apr. 14, 2009) .................................................5

*United States v. Price*,
    2009 WL 973370 (E.D.N.Y. Apr. 10, 2009) ...................................................5

*United States v. Reyes*,
    2012 WL 3727995 (D. Conn. May 1, 2012).....................................................5

*Wright v. Levitt*,
    2022 WL 420105 (W.D.N.Y. Feb. 11, 2022) ..................................................7

**Statutes**

United States Code, Section 1962(d) Title 18 .........................................................1

**Other Authorities**

Evelyn M. Maeder & Joel Burdett, *The Combined Effect of Defendant Race and Alleged Gang Affiliation on Mock Juror Decision-Making*, 20 Psychiatry, Psych. & L., 188 (2013) ..................................................................................... 6

Fed. R. Evid. 404(a) and (b) ........................................................................................... 6

Federal Rule of Evidence 401 ......................................................................................... 3

Federal Rule of Evidence 403 ................................................................................... 3, 4, 6

Federal Rule of Evidence 404(a) ..................................................................................... 3

Federal Rule of Evidence 404(b) ................................................................................. 3, 6

Federal Rules of Evidence 401, 403, and 404 (a) and (b) ............................................. 1

Jordan Blair Woods, *Systemic Racial Bias and RICO's Application to Criminal Street and Prison Gangs*, 17 Mich. J. Race & L. 303, 338 (2012) ..................... 6

## I.   PRELIMINARY STATEMENT

Pursuant to Federal Rules of Evidence 401, 403, and 404 (a) and (b), Defendants Anthony McGee, Kaheen Small, Damon Dore, and Rahmiek Lacewell (hereinafter, collectively, "the Moving Defendants"), by and through counsel, respectfully move this Honorable Court, *in limine*, for the entry of an Order prohibiting the government from introducing any evidence that references or implies that any of the Moving Defendants are affiliated with a gang, in particular, the "Bloods."

## II.   BACKGROUND

### A.   THE INDICTMENT

On June 23, 2022, the Moving Defendants along with Jatiek Smith, Sequan Jackson, Hasim Smith, Manuel Pereira, and Octavio Peralta were charged with one count of racketeering conspiracy, in violation of Title 18, United States Code, Section 1962(d), and one count of extortion conspiracy, in violation of Title 18, United States Code, Section 1951 (the "Indictment"). Both counts of the Indictment relate to the defendants' involvement, from in or about 2019 through in or about June 2022, in a business, First Response Cleaning Corp. ("First Response"), that provided emergency mitigation services ("EMS") for properties damaged by fire.  Indictment ¶¶ 1, 13. The alleged racketeering "Enterprise" centers exclusively around First Response, defendants' alleged acts with respect to First Response, and defendants' alleged acts with respect to the fire restoration industry. *Id.* ¶¶ 1, 6-8. For example, the government alleges that "defendants and their co-conspirators used First Response as a vehicle to extort other EMS companies" by "[e]xerting control over participants in the fire mitigation industry," "[i]mposing a system of rules upon other EMS companies and on public adjusters," and "[u]sing force against other EMS companies and public adjusters to ensure that they submitted to the rules set by the Enterprise." *Id.* ¶¶ 1, 9-10. Nowhere in the Indictment does the

government allege, or make any reference to, gang involvement or affiliation by any of the defendants.

**B.     THE GOVERNMENT'S INTENT TO PREJUDICE THE JURY WITH REFERENCES TO ALLEGED GANG AFFILIATIONS**

In anticipation of the previously scheduled November 28, 2022, trial, the government provided notice that it expected to call a purported expert from the New York City Police Department "to testify about the Bloods street gang, including on the following topics: (1) the structure and organization of the Bloods; and (2) coded language, symbols, hand gestures, and clothing used to signify membership in the Bloods." *See* Exhibit A, Gov't Expert Notice, Oct. 20, 2022, at 2.

This was not the first time the Government made reference to gang involvement in this case. Specifically, the prosecution made references to Jatiek Smith's alleged Bloods membership and gang affiliation in its application for a search warrant, *see* Exhibit B, Aff. in Support of Search and Seizure Warrant, at 2-3, and in its application for authorization to intercept certain defendants' wire and electronic communications, pursuant to Title III, s*ee* Exhibit C, Aff. in Support of Title III, at 15. Most recently, during bail hearings, the prosecution has repeatedly tried to link defendants—often unsuccessfully—to the Bloods gang as a basis for the Court to order pretrial detention. For example, as to Rahmiek Lacewell, the government argued that Mr. Lacewell presented a continuing danger to the community, in part, because of his Bloods affiliation based on a 2014 jail note that he self-identified as a Blood and a social media communication by an unidentified individual to Jatiek Smith about wishing Mr. Lacewell a "happy G day." *See* Exhibit D, Nov. 10, 2022 Lacewell Bail Hearing, Tr. at 17-24. Similarly, at Anthony McGee's bail hearing, the Government argued for continued detention by characterizing Mr. McGee as "a self-professed member of the Bloods gang, which we all know is a very violent street gang" and asserting that many members of the Enterprise were Bloods. *See* Exhibit E, Aug. 22, 2022 McGee Bail Hearing, Tr. At 13-14.

Nevertheless, notwithstanding these efforts, the Indictment itself makes no allegations of gang involvement, Bloods or otherwise, by any of the defendants, related to the operation of the alleged Enterprise.

## III.    ARGUMENT

### A.    LEGAL STANDARD

Federal Rule of Evidence 401 defines "relevant evidence" as evidence that "has any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. In addition, Federal Rule of Evidence 403 provides that evidence, although relevant, "may [be] exclude[d] . . . if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusion of the issues, or misleading the jury ...". Fed. R. Evid. 403.

Federal Rule of Evidence 404(a) states that character evidence is generally inadmissible "to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a). Federal Rule of Evidence 404(b) states that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." This "bad acts" evidence may be admissible, however, for other purposes such as to prove motive, intent, or identity. Fed. R. Evid. 404(b).

### B.    EVIDENCE OF GANG AFFILIATION IS NOT RELEVANT TO THE ALLEGED ENTERPRISE OR CONSPIRACY

Pursuant to Federal Rule of Evidence 401, evidence of the Moving Defendants' gang affiliation is not relevant to this case because it will not tend to make it more or less probable that the charged conspiracy used First Response as a vehicle to exert control over other EMS companies. While evidence of gang affiliation and other uncharged crimes is generally admissible to prove "the nature of the [RICO] enterprise," that is only the case where this evidence tends to prove "a pattern of racketeering activity on the part of *each defendant* by providing the *requisite* relationship and continuity of illegal activities." *United States v.*

3

*Basciano*, 599 F.3d 184, 207 (2d Cir. 2010) (emphasis added). Here, and by the government's own admission, only "some" First Response employees are alleged to be affiliated with the Bloods gang. *See* Exhibit C, Aff. in Support of Title III, at 15. Therefore, any gang affiliation is either merely incidental, but certainly not required, to be an employee of First Response or a member of the Enterprise. And of those alleged Bloods members, the evidence identified to date for the Moving Defendants is tenuous and outdated. The evidence of Mr. Lacewell's gang affiliation, for instance, hangs on a jail note from 2014, and a hearsay statement by an unidentified individual to Jatiek Smith over social media about wishing Mr. Lacewell a "happy G day." *See, e.g.*, Exhibit D, Nov. 10, 2022 Lacewell Bail Hearing, Tr. at 17-24.

Even assuming that the government could prove that "some" of the Moving Defendants were at one time Bloods members, evidence of the Moving Defendants' alleged Bloods membership does not make the existence of a relationship between the co-conspirators here more probable, because the Indictment makes clear that the alleged "Enterprise" begins and ends with First Response. As such, this evidence is not relevant, and should be excluded on that basis. *See United States v. Jackson*, 2021 WL 62109, at *2 (E.D.N.Y. Jan. 7, 2021) (holding that evidence of Bloods gang membership was inadmissible because it was not "directly relevant to the facts at issue" nor was it "relevant to multiple aspects of the case").

**C.    EVIDENCE OF GANG AFFILIATION IS HIGHLY PREJUDICIAL**

Even if the court were to determine that evidence of gang affiliation is relevant to the charges against the Moving Defendants, this evidence is subject to exclusion under Fed. R. Evid. 403 because it would cause unfair prejudice, confusion of the issues, and it would mislead the jury. This is particularly so if the government is able to show gang affiliation for only "some," but not all defendants. Those individuals, with no ties to the Bloods, or ties so tenuous that they should be deemed irrelevant, would be unfairly prejudiced by mere association. Courts have repeatedly found that evidence of gang affiliation, especially when not central to

the issues in the case, is highly prejudicial. *See, e.g., United States v. Nieves*, 2023 WL 405354, at *7 (2d Cir. Jan. 26, 2023) (acknowledging the "broader risk of prejudice against gang members" among jurors who may have been affected by a reported surge in violence broadly attributed to gang organizations); *United States v. Molton*, 743 F.3d 479, 482 (7th Cir. 2014) ("Evidence of gang affiliation must be handled with care, because a jury is likely to associate gangs with criminal activity and deviant behavior, raising the specter of guilt by association or a verdict influenced by emotion.") (internal citation and quotation marks omitted); *Ramos v. Trifone,* 2015 WL 6509114, at *7 (D. Conn. Oct. 28, 2015) ("Evidence of a witness's affiliation with a gang is highly prejudicial, especially when the gang evidence is not relevant to a central issue in a case.").

It is also widely acknowledged that evidence of Bloods gang membership *specifically* is severely prejudicial because it is "a well-known street gang with numerous negative associations in popular culture." *United States v. Reyes*, 2012 WL 3727995, at *2 (D. Conn. May 1, 2012); *see also United States v. Price*, 2009 WL 973370, at *2 (E.D.N.Y. Apr. 10, 2009) as clarified, 2009 WL 1010483 (E.D.N.Y. Apr. 14, 2009) ("Defendant's alleged membership in the Bloods, a notorious nationwide street gang, raises a substantial issue of prejudice…[M]edia reports and portrayals have engraved a violent image of the Bloods in the popular conscience."). Here, the danger of unfair prejudice is substantial because "membership in the Bloods gang, which is notorious for its violence and criminality, is 'more inflammatory than the charged crime[s].'" *Jackson*, 2021 WL 62109, at *2. Admission of alleged Blood affiliation evidence against the Moving Defendants would likely cause the jurors to lose sight of the actual evidence at trial, as compared to their individual preconceived notions of how Bloods may operate in society.

Moreover, allegations of gang affiliation against a group of young, Black men necessarily carry racial undertones. For that reason, it is particularly critical that the Court bar

the government from using this kind of irrelevant evidence, whether directly or indirectly, to paint the Moving Defendants as the quintessential "bad men." *See* Evelyn M. Maeder & Joel Burdett, *The Combined Effect of Defendant Race and Alleged Gang Affiliation on Mock Juror Decision-Making*, 20 Psychiatry, Psych. & L., 188 (2013) (finding that participants judged Black defendants more harshly where there were allegations of gang membership); Jordan Blair Woods, *Systemic Racial Bias and RICO's Application to Criminal Street and Prison Gangs*, 17 Mich. J. Race & L. 303, 338 (2012) ("Gang stereotypes within the police and prosecutorial realms can have especially damaging consequences for racial minorities.").

### D.   INTRODUCTION OF GANG AFFILIATION AS CHARACTER EVIDENCE IS MORE PREJUDICIAL THAN PROBATIVE

Any evidence of alleged gang affiliation would also only serve to introduce inadmissible character evidence against the named defendants pursuant to Fed. R. Evid. 404(a) and (b). There must be a clear connection between the prior act evidence and a disputed issue at trial. Without such connection, Rule 404's general prohibition against offering character evidence to show propensity to commit crimes would be violated. While the Second Circuit may have adopted an "inclusionary approach" to Rule 404(b) evidence, "this inclusionary approach does not invite the government to offer, carte blanche, any prior act of the defendant in the same category of crime." *United States v. McCallum*, 584 F.3d 471, 475 (2d Cir. 2009). Such evidence is also still subject to balancing under Rule 403 and "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." *United States v. Pitre*, 960 F.2d 1112, 1119 (2d Cir. 1992).

Gang affiliation is <u>not</u> a pertinent character trait of the Moving Defendants for purposes of proving the racketeering or extortion charges against them. Further, any probative value of this evidence would be substantially outweighed by danger of unfair prejudice, confusion of the issues, or misleading of the jury. *See Carter v. City of Yonkers*, 345 Fed.App'x 605, 607 (2d Cir. 2009) (holding the district court did not abuse its discretion in excluding evidence of

gang affiliation, having concluded that risk of prejudice substantially outweighed probative value); *Wright v. Levitt,* 2022 WL 420105, at *6 (W.D.N.Y. Feb. 11, 2022) (barring testimony about alleged Bloods membership because it had "no tendency to prove or disprove a material fact . . . and any probative value is substantially outweighed by the danger of unfair prejudice"); *United States v. Elias,* 2022 WL 715486, at *2 (E.D.N.Y. Mar. 10, 2022) (holding that the probative value of evidence of defendants' affiliation with the Bloods, for purposes of demonstrating defendants' relationship, was outweighed by risk of unfair prejudice).

## IV.   <u>CONCLUSION</u>

For all of the reasons described above, the Moving Defendants respectfully submit that Court should not admit at trial evidence of gang affiliation or membership of any kind against the Moving Defendants.

Dated: February 13, 2023                               Respectfully submitted,


<u>/s/ Glen A. Kopp</u>                                           <u>/s/ Jean D. Barret</u>
Glen A. Kopp                                                Jean D. Barrett
MAYER BROWN, LLP                                   RUHNKE & BARRETT
1221 Avenue of the Americas                       47 Park Street
New York, NY 10020                                   Montclair, NJ 07042
Tel: (212) 506-2648                                      Tel: (973)744-1000

<u>/s/ Daniel L. Stein</u>                                        *Attorney for Anthony McGee*
Daniel L. Stein
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue                                          <u>/s/ Lisa Scolari</u>
New York, NY10153                                    Lisa Scolari
Tel: (212) 310-8140                                      LAW OFFICE OF LISA SCOLARI
                                                                   20 Vesey Street
*Attorneys for Rahmiek Lacewell*                  Suite 400
                                                                   New York, N.Y. 10007
                                                                   Tel: (212) 227-8899

                                                                   *Attorney for Kaheen Small*


                                                                   <u>/s/ Michael D. Bradley</u>
                                                                   Michael D. Bradley
                                                                   BRADLEY LAW FIRM PC
                                                                   2 Park Avenue, 20th Floor
                                                                   New York, NY 10016
                                                                   Tel: (212) 235-2089


                                                                   *Attorney for Damon Dore*